UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>        Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Defendant. | Case No.  2:21-cv-01212-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT, OR<br><br>    (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

      Plaintiff, a county inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  His complaint alleges claims based on two unrelated arrests, as well as a secret child sex trafficking organization that is allegedly run by California Governor Gavin Newsom.  Plaintiff's claims are not cognizable and cannot proceed in a single action.  I will give plaintiff a chance to amend his complaint before I recommend that this action be dismissed.  I also grant plaintiff's motion to proceed *in forma pauperis*.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff appears to bring claims based on at least three separate incidents. First, he alleges that he was arrested for trespassing at a grocery store. ECF No. 1 at 2. At the time, plaintiff was in a wheelchair due to arthritis and inflammation in his feet. *Id*. An unnamed police officer allegedly instructed plaintiff to stand up and leave the store. *Id.* When he did not get out

2

of the wheelchair, the police officer handcuffed him and tried to force him to walk. *Id.* Plaintiff could not bear weight on his feet and fell to the ground. *Id.* The officer then dragged plaintiff by the hood of his jacket and threw him into the back of a police car. *Id.* at 3.

Second, plaintiff appears to allege claims based on a separate arrest involving an altercation at a park restroom. *Id.* He alleges that he was in the restroom when another man came inside to use it. *Id.* Plaintiff contends that the man's actions violated his right to privacy, so he pointed a loaded flare gun at the man. *Id.* at 4. Plaintiff was arrested for assault with a deadly weapon and claims that the arrest was wrongful. *Id.*

Finally, the complaint includes an elaborate narrative describing how plaintiff stumbled upon a secret child sex trafficking organization ran by Governor Newsom. *Id.* at 8. He alleges that while walking in downtown Sacramento, he happened upon a motel with deep tinted windows and a bouncer. *Id.* He told the bouncer that he was a "Jr. Newsom advisor," which happened to be the password that granted his entry. *Id.* He claims that once inside, he saw a realistic painting of Newsom clutching a bunny rabbit and holding the hands of two children. *Id.* at 9. When plaintiff started exploring more of the motel, a woman allegedly asked him why he "ain't picking a child" to take up to a room. *Id.* Plaintiff said shortly thereafter his cover was blown, and he was kicked out by a very large Samoan man. *Id.*

As an initial matter, plaintiff does not identify the specific claims he seeks to assert in relation to his two arrests or his encounter with the secret organization. With respect to the two arrests, presumably he seeks to allege a wrongful arrest or excessive force claim under 42 U.S.C. § 1983.[1] But the complaint appears to seek damages only against California, which is not a proper defendant under § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-66 (1989).

To the extent that plaintiff intended to bring his claims against the unidentified arresting officers and Newsom, those claims cannot proceed past screening. The allegations related to the secret organization are frivolous because they lack even "an arguable basis either in law or in

---

[1] I cannot discern what claims plaintiff is attempting to allege in relation to the secret organization.

3

1  fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (holding that a complaint is frivolous if its "factual

2  contentions are clearly baseless," "fantastic," or "delusional"). And any potential claims against

3  the two arresting officers are based on unrelated facts. Although a plaintiff can assert any number

4  of unrelated claims against any single defendant, he does not have an unfettered right to join

5  different defendants in a single lawsuit for unrelated events. *Compare* Fed. R. Civ. P. 18(a)

6  (joinder of claims), *with* Fed. R. Civ. P. 20(a) (joinder of parties). Rule 20(a) provides that all

7  persons can be joined in one action as defendants if "any right to relief is asserted against them

8  jointly, severally, or in the alternative with respect to or arising out of the same transaction,

9  occurrence, or series of transactions or occurrences" and "any question of law or fact common to

10  all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

11  I will give plaintiff an opportunity to amend his complaint before recommending

12  dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint

13  will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th

14  Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face

15  without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended

16  complaint is filed, the current complaint no longer serves any function. Therefore, in an amended

17  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

18  defendant's involvement in sufficient detail. The amended complaint's caption should include

19  each defendant's name, be titled "First Amended Complaint," and refer to the appropriate case

20  number. If plaintiff does not file an amended complaint, I will recommend that this action be

21  dismissed.

22  Accordingly, it is hereby ORDERED that:

23  1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

24  2. Within sixty days from the service of this order, plaintiff must either file an

25  Amended Complaint or advise the court he wishes stand by his current complaint.

26  3. Failure to comply with this order may result in the dismissal of this action.

27  4. The clerk's office is directed to send plaintiff a complaint form.

28

4

1  IT IS SO ORDERED.

3  Dated:  __November 8, 2021__                    _/s/ Jeremy Peterson_
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE