1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARTIN LEE FOSTER,<br><br>               Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>             Defendant. | Case No. 2:21-cv-01212-JDP (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 12<br><br>FOURTEEN-DAY DEADLINE |
|---|---|

Plaintiff Martin Lee Foster proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendant State of California violated his rights when it used "terrorist threats" to force him to accept a plea deal in a criminal case. ECF No. 12 at 2. As a result, plaintiff claims that he has been forced to submit to "unnecessary" parole conditions. *Id.* at 3.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a pro se litigant's complaint. *See* 28 U.S.C. § 1915(e)(2). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff, who seeks monetary damages for an allegedly wrongful conviction, can only proceed with this section 1983 action if his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

1 determination, or called into question by a federal court's issuance of a writ of habeas corpus."

2 *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). He has not alleged as much. On the contrary,

3 he alleges that his acceptance of the plea agreement has left him in danger of additional penalties

4 for parole violations. ECF No. 12 at 3.

5     I find that leave to amend is unwarranted. This is plaintiff's second complaint, and it has

6 brought him no closer to asserting a cognizable claim.

7     It is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

8     Further, I RECOMMEND that Plaintiff's amended complaint, ECF No. 12, be dismissed

9 without leave to amend for failure to state a claim.

10     These recommendations will be submitted to the U.S. district judge presiding over the

11 case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of

12 these findings and recommendations, plaintiff may file written objections with the court. That

13 document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."

14 The presiding district judge will then review the findings and recommendations under 28 U.S.C.

15 § 636(b)(1)(C).

16

17 IT IS SO ORDERED.

18
Dated:   July 18, 2022

19                                                  JEREMY D. PETERSON

20                                                  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28